# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>  v.<br><br>TIDES/DRIFTWOOD/OASIS HOMEOWNERS' ASSOCIATION, INC.; WACCAMAW MANAGEMENT LLC; JOHNATHAN WILLOUGHBY, as Administrator of the Estate of AARON TIMEAUS HOLSTON, JR., deceased<br><br>   Defendant. | C.A. No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Nautilus Insurance Company ("Nautilus") by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, hereby seeks Declaratory Judgment against Defendants, Tides/Driftwood/Oasis Homeowners' Association, Inc. ("Tides"), Waccamaw Management LLC, and Jonathan Willoughby, as Administrator of the Estate of Aaron Timeaus Holston, Jr, deceased ("Mr. Willoughby") (collectively, "Defendants"), for purposes of determining a question of actual, immediate controversy between the parties. Nautilus respectfully shows the Court as follows:

## PARTIES

1. At all times relevant to this action, Nautilus was, and still is, a company organized and existing under the laws of the State of Arizona with its principal place of business in Scottsdale, Arizona.

1

2. Upon information and belief, Tides/Driftwood/Oasis Homeowners' Association, Inc. is a domestic nonprofit corporation with its principal place of business in Horry County, South Carolina.

3. Upon information and belief, Waccamaw Management, LLC ("Waccamaw") is a limited liability company with its principal place of business in Horry County, South Carolina, and is named as a defendant in the Underlying Lawsuit. Upon information and belief, all members of Waccamaw Management, LLC are citizens and residents of the State of South Carolina.

4. Upon information and belief, Aaron Timeaus Holston, Jr., was a natural person and a resident of Ohio at the time of his death.

5. Upon information and belief, Johnathan Willoughby is a citizen and resident of Fairfield County, Ohio, and is the duly appointed personal representative of the estate of Aaron Timeaus Holston, Jr., deceased.

6. Nautilus issued Policy No. NN1671863 to Tides Driftwood Oasis POA Inc & Beach Vibes Management Services LLC for the policy period of March 29, 2024 to March 29, 2025 (hereinafter the "Policy".) A copy of the Policy is attached hereto as **Exhibit "A".**

7. Upon information and belief, Tides Driftwood Oasis POA Inc and Tides are the same corporate entity.

8. On October 24, 2025, Mr. Willoughby filed an Amended Complaint in Horry County Court of Common Pleas against Steven Richard Ingate, Jr., Individually and as Agent, Servant or Employee of Global Investigative Services, INC. and Sea Mist Resort; Global Investigative Services, Inc., Carolinas Holding Company, LLC, d/b/a Sea Mist Resort; Sea Mist Resort; Tides/Driftwood/Oasis POA; Hajra Real Estate, LLC; Inlet HOA Management, LLC; Waccamaw Management, LLC in a lawsuit styled *Johnathan Willoughby, as Administrator of the*

*Estate of Aaron Timeaus Holston, Jr v. Steven Richard Ingate, Jr., Individually and as Agent, Servant or Employee of Global Investigative Services, INC. and Sea Mist Resort; Global Investigative Services, Inc., Carolinas Holding Company, LLC, d/b/a Sea Mist Resort; Sea Mist Resort; Tides/Driftwood/Oasis HOA; Hajra Real Estate, LLC; Inlet HOA Management, LLC; Waccamaw Management, LLC*, Court of Common Pleas, Horry County, South Carolina, Case No. 2025-CP-26-06857 (the "Underlying Lawsuit"). A copy of the Amended Complaint ("Underlying Complaint") is attached hereto as **Exhibit "B"**.

9. Nautilus retained counsel for Tides and Waccamaw and is providing Tides and Waccamaw with a defense in the Underlying Lawsuit subject to a reservation of rights under the Policy.

10. As the plaintiff in the Underlying Lawsuit, Mr. Willoughby has an interest in the outcome of this declaratory judgment action for a determination as to whether the Policy provides coverage for his claims and alleged damages that are the subject of the Underlying Lawsuit.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the Plaintiff and the Defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorneys' fees and costs.

12. Venue is proper in the United States District Court for the District of South Carolina, because at least one Defendant resides in this district and because the events giving rise to the basis of the underlying action occurred in this district.

## NATURE OF CLAIM

13. This action for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 and Federal Rule of Civil Procedure 57, for the purpose of construing and interpreting the terms of

insurance contracts and for a determination of the rights and obligations, if any, of the parties arising from insurance contracts issued by Nautilus to Tides.

14. An actual, present and existing controversy exists among the parties to this lawsuit regarding whether Nautilus has a duty to defend and indemnify Tides and Waccamaw under the insurance policy issued to Tides with respect to the Underlying Lawsuit.

15. All conditions precedent to the filing of this action have been performed or have occurred.

16. Count I of this Complaint seeks a judgment declaring that the alleged acts and/or omissions of Tides and Waccamaw fall within the ambit of the Policies' Assault and Battery Exclusion and therefore are not covered by the Policy.

17. Count II of this Complaint seeks a judgment declaring that coverage for the damages sought in the Underlying Lawsuit is limited based upon the Policy's Punitive or Exemplary Damage Exclusion.

18. In addition to the foregoing provisions of the Policy, Nautilus pleads all other conditions, terms, warranties, limitations, definitions, and exclusions of the Policy, which also may be found to be applicable, and Nautilus reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## **THE POLICY**

19. The Policy provides commercial general liability ("CGL") insurance to named insured Tides Driftwood Oasis POA & Beach Vibes Management Services LLC, subject to certain terms, conditions, limitations, and exclusions.

20. The Policy contains a Who Is An Insured provision, which extends insured status to "[a]ny person (other than your 'employee' or 'volunteer worker'), or any organization acting as [Tides'] real estate manager".

21. The Policy contains Commercial General Liability Coverage Form- Coverage A, which provides that Nautilus "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." "This insurance applies to 'bodily injury and 'property damage' only if the 'bodily injury' or 'property damage' is caused by an 'occurrence'…." Such bodily injury or property damage must occur during the policy period. (See Ex. A, Form CG 00 01 04 13, p.1.).

22. The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Ex A, Form CG 00 01 04 13, p. 15.)

23. The Policy contains Commercial General Liability Coverage Form- Coverage B which provides that Nautilus "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' … caused by an offense arising out of your business but only if the offense was committed … during the policy period." The term "personal and advertising injury" is defined as including injury, including consequential "bodily injury" arising out of, amongst other things, false arrest, detention, or imprisonment. (See Ex. A, Form CG 00 01 04 13, p.6.).

24. The Policy is subject to an All Assault or Battery Exclusion which provides as follows:

> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A.** The following exclusion is added to 2. Exclusion of Section I – Coverage A – Bodily Injury and Property Damage Liability, Coverage B – Personal and Advertising Injury Liability, and Coverage C – Medical Payments:

This insurance does not apply to "bodily injury"…or medical payments arising out of any actual or alleged:

1. "Assault" or "battery" caused, directly or indirectly, by you, any insured, any person, any entity, or by any means whatsoever; or
2. Failure to suppress or prevent "assault" or "battery" by you, any insured, any person, any entity, or by any means whatsoever; or
3. Failure to provide an environment secure from "assault" or "battery"; or
4. Failure to warn of the dangers of the environment which could contribute to "assault" or "battery"; or
5. Use of any force to protect persons or property whether or not the "bodily injury" … was intended from the standpoint of you, any insured, or any person, or committed by or at the direction of you, any insured or any person; or
6. Failure to render or secure medical treatment or care following any "assault" or "battery" or
7. Death, including any allegations of wrongful death, arising out of items **1.** through **6.** listed above.

\* \* \* \*

This exclusion applies:

1. Whether or not any claimed damages occurred at any premises owned or occupied by any insured;
2. To all causes of action arising out of any "assault" or "battery" including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an "assault" or "battery";
3. To any claims or "suits" brought by any other person, firm, or organization asserting rights derived from, contingent upon, or arising out of an "assault" or "battery"; and specifically excludes from coverage claims or "suits for:
    a. Emotional distress or for loss of society, services, consortium or income; or
    b. Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or
4. To any obligation to share damages with or repay someone who must pay damages because of the injury.

\* \* \* \*

6

**C.** We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any "assault" or "battery."

**D.** The following definitions are added to Section V – Definitions:

**1**. "Assault" includes but is not limited to sexual assault, physical, written or oral abuse, sexual abuse, human or sex trafficking, intimidation, or any threatened harmful or offensive contact between two or more persons creating an apprehension in a person of immediate or imminent harmful or offensive contact; or an attempt to commit a "battery."

**2**. "Battery" includes but is not limited to physical abuse, sexual abuse, sexual battery, sexual molestation, hazing, physical altercation; or any harmful or offensive contact to any person, whether direct or indirect, and regardless of intent.

(See Ex. A, Form L210 (12/19)).

25. The Policy is subject to a Punitive or Exemplary Damage Exclusion, which provides, in pertinent part, that "[t]his insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior." (See Ex. A, Form L217 (06/17)).

## THE UNDERLYING LAWSUIT

26. On October 24, 2025, Jonathan Willoughby filed the Underlying Complaint against Tides, Waccamaw and other defendants in the Court of Common Pleas for Horry County, South Carolina.

27. The Underlying Complaint asserts twelve causes of action against Tides and Waccamaw:

(1) Negligence/Gross Negligence/Recklessness;

(2) Negligent Hiring;

(3) Negligent Supervision;

(4) Negligent Retention;

7

(5) Civil Assault and Battery;

(6) False Imprisonment;

(7) Negligent Security/Premises Liability;

(8) Respondeat Superior;

(9) Agency and Apparent Agency;

(10) Intentional Infliction of Emotional Distress/Outrage;

(11) Wrongful Death; and

(12) Survival Action.

28.     The Underlying Complaint alleges that Tides and Waccamaw are responsible for managing, maintaining, and governing the residential communities within the Sea Mist Resort and that they contracted with Global Investigative Services, Inc. ("GIS") to provide security services at the property. According to Mr. Willoughby, the contract required security officers to conduct foot patrols and contact law enforcement in the event of security concerns. Mr. Willoughby asserts that Tides and Waccamaw breached their duty to ensure compliance with these directives, permitting GIS and its employee, Steven Richard Ingate, Jr., to deviate from them and escalate an encounter that resulted in the death of Aaron Timeaus Holston, Jr.

29.     According to the Underlying Complaint, while acting in the course and scope of his employment, Mr. Ingate committed assault and battery by:

a. Opening the driver's side door of Mr. Holston's vehicle without lawful authority;

b. Brandishing a taser and pointing it at Mr. Holston in a threatening manner;

c. Drawing and pointing a firearm directly at Mr. Holston; and

d. Intentionally discharging his firearm multiple times into Mr. Holston's vehicle, striking Mr. Holston with bullets and causing his death.

30. The Underlying Complaint further alleges that Mr. Ingate committed false imprisonment by approaching Mr. Holston without lawful justification, opening the driver's side door, brandishing a taser, and positioning himself so as to block Mr. Holston's ability to remain undisturbed or depart freely.

31. Mr. Willoughby claims that Tides and Waccamaw negligently hired, supervised, and retained Mr. Ingate despite warning signs of his unfitness for armed security work, including prior criminal charges and a reputation for aggressive behavior, and that Tides and Waccamaw failed to maintain a safe property, enforce contractual security protocols, and prevent foreseeable harm to guests and residents.

32. As a result of these acts and omissions, Mr. Willoughby seeks recovery for pecuniary losses, loss of support, mental shock and suffering, funeral and burial expenses, pain and suffering endured by Mr. Holston, medical expenses, lost wages, property damage, compensatory damages, and punitive damages in an amount sufficient to punish Tides and Waccamaw for their willful, wanton, reckless, and outrageous conduct and to deter similar conduct in the future.

### COUNT I – DECLARATORY JUDGMENT
**(Duty to defend and indemnify – Assault and Battery Exclusion)**

33. Nautilus hereby adopts and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

34. An actual, present, and existing controversy exists among the parties to this lawsuit regarding whether coverage is available under the Policy for the claims and damages asserted against Defendant Tides.

35. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Nautilus seeks a judicial declaration of its rights and duties under the Policies with respect to the Underlying

Lawsuit. Such a declaration will confer certainty on the parties with respect to their rights and obligations under the Policies and will therefore serve the interests of justice.

36. In the Underlying Lawsuit, Mr. Willoughby seeks to recover against Tides and/or Waccamaw for injuries stemming from claims of battery, assault, intentional infliction of emotion distress, false imprisonment, wrongful death, negligence, negligent hiring, supervision, retention, and security. All such injuries arise out of or result from assault and battery pursuant to the Policy's Assault and Battery Exclusion, and therefore such claims are excluded pursuant to the Policy's Assault and Battery Exclusion.

37. Nautilus contends that it has no duty to defend or indemnify Tides and/or Waccamaw under the Policy in connection with any claims asserted against them in the Underlying Lawsuit, because such claims are excluded pursuant to the Policy's Assault and Battery Exclusion.

38. In addition to the foregoing policy provisions, Nautilus pleads all other conditions, terms, warranties, limits, definitions and exclusions of the Policies, which may also be found applicable, and Nautilus reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

39. Based on the foregoing, Nautilus seeks a declaration that it does not have a duty to defend or to indemnify Tides and/or Waccamaw under the Policy because Mr. Willoughby's claims are excluded pursuant to the Policy's Assault and Battery Exclusion.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) enter a declaratory judgment declaring that Plaintiff, Nautilus, has no duty to defend Defendant Tides/or and Waccamaw under the Policy for the claims asserted against it by Mr. Willoughby in the Underlying Lawsuit, based on the Policy's Assault and/or Battery Exclusion.

(b)  enter a declaratory judgment declaring that Plaintiff, Nautilus, has no duty to indemnify Defendant Tides and/or Waccamaw under the Policy for the claims asserted against it by Mr. Willoughby in the Underlying Lawsuit, based on the Policy's Assault and Battery Exclusion.

(c)  award Plaintiff, Nautilus, the costs of this action; and

(d)  award any other relief the Court deems just and proper.

### COUNT II – DECLARATORY JUDGMENT
### (Duty to indemnify – Punitive Damages)

40. Nautilus hereby adopts and incorporates by reference all preceding paragraphs above, in their entirety, as though fully set forth herein.

41. An actual, present, and existing controversy exists among the parties to this lawsuit regarding whether coverage is available under the Policy for the claims and damages asserted against Defendant Tides.

42. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, Nautilus seeks a judicial declaration of its rights and duties under the Policies with respect to the Underlying Lawsuit. Such a declaration will confer certainty on the parties with respect to their rights and obligations under the Policies and will therefore serve the interests of justice.

43. In the Underlying Lawsuit, Mr. Willoughby seeks damages against Tides and/or Waccamaw for punitive damages, which are excluded from coverage pursuant to the Policy's Punitive or Exemplary Damage Exclusion.

44. Nautilus contends that it has no duty to indemnify Tides and/or Waccamaw under the Policy in connection with any claims asserted against them in the Underlying Lawsuit, because such claims are excluded pursuant to the Policy's Punitive or Exemplary Damage Exclusion.

45. In addition to the foregoing policy provisions, Nautilus pleads all other conditions, terms, warranties, limits, definitions and exclusions of the Policies, which may also be found applicable, and Nautilus reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

46. Based on the foregoing, Nautilus seeks a declaration that it does not have a duty to indemnify Tides and/or Waccamaw under the Policy for any punitive damages because Mr. Willoughby's claims for punitive damages are excluded pursuant to the Punitive or Exemplary Damage Exclusion.

WHEREFORE, Plaintiff Nautilus prays that this Honorable Court:

(a) enter a declaratory judgment declaring that Plaintiff Nautilus has no duty to indemnify Defendant Tides and/or Waccamaw under the Policy for the punitive damage claims asserted against it by Mr. Willoughby in the Underlying Lawsuit, based on the Policy's Punitive or Exemplary Damage Exclusion.

(b) award Plaintiff, Nautilus, the costs of this action; and

(c) award any other relief the Court deems just and proper.

Respectfully submitted this the 14th day of January, 2026.

PHELPS DUNBAR LLP

*/s/ Robert M. Kennedy, Jr.*
Robert M. Kennedy, Jr.
S.C. Bar No.: 102288
D.S.C. Federal Court ID: 12270
4300 Edwards Mill Road, Suite 600
Raleigh, North Carolina 27612-3723
Telephone:   919-789-5300
Facsimile:   919-789-5301
E-mail: robert.kennedy@phelps.com

*Attorney for Nautilus Insurance Company*